# United States Court of Appeals for the Fifth Circuit

No. 22-50455
consolidated with
No. 22-50500
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Leonel Mendoza-Yerbafria,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-1082-1
USDC No. 4:22-CR-8-1

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Leonel Mendoza-Yerbafria appeals his conviction and sentence for illegal reentry after removal, as well as the judgment revoking his term of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50455
c/w No. 22-50500

supervised release for committing the new offense. He has not briefed, and has therefore abandoned, any challenge to the revocation of supervised release or his revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Mendoza-Yerbafria argues that his sentence exceeds the statutory maximum and is therefore unconstitutional because the district court enhanced his sentence under 8 U.S.C. § 1326(b) based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While he acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. In addition, Mendoza-Yerbafria has filed an unopposed motion for summary affirmance.

Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Mendoza-Yerbafria is correct that his argument is foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Mendoza-Yerbafria's motion is GRANTED, and the district court's judgments are AFFIRMED.